UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDITH DARBY | CIVIL ACTION |
| VERSUS | NO. 20-1723 |
| PRIMERICA LIFE INSURANCE COMPANY AND ASHTON LUCIAN KING | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff Edith Darby's motion to remand.[1] Defendant Primerica Life Insurance Company opposes the motion.[2] Because the Court finds that defendant King was improperly joined, the Court denies the motion to remand and dismisses Darby's claims against King.

### I. BACKGROUND

This case arises from a denial of life insurance benefits.[3] On February 4, 2019, Darby applied for life insurance with Primerica designating her son as the insured and herself as the beneficiary.[4] After the policy came into force, Bias died.[5] Darby therefore requested the proceeds she alleged she was

---

[1]  *See* R. Doc. 6.
[2]  *See* R. Doc. 9.
[3]  *See* R. Doc. 1-1.
[4]  *See id.* at 3, ¶ III; R. Doc. 2 at 2, ¶ III.
[5]  *See* R. Doc. 1-1 at 3, ¶ V; R. Doc. 2 at 3, ¶ V.

due from Primerica as the beneficiary, a total of $100,000.[6] Primerica denied Darby's claim.[7]

In a letter addressed to Darby, Primerica explained that because Bias died within two years of the issuance of the policy, it conducted a routine review of the claim.[8] According to Primerica, the review revealed that the application contained "material misrepresentations."[9] Specifically, Primerica contended that Darby failed to disclose that Bias "had a history of generalized anxiety disorder, mood disorder, bipolar disorder, personality disorder and was a cannabis abuser."[10] Primerica stated that had it known about this medical history, it would not have approved the policy.[11] As a result, Primerica denied Darby's claim, rescinded the policy, and returned the premiums that Darby paid.[12]

Darby filed suit in state court, alleging Primerica breached its contract and violated Louisiana statutes.[13] In addition to suing Primerica, Darby sued Ashton Lucian King, whom Darby alleges is an agent of Primerica.[14] In her

---

[6] *See* R. Doc. 1-1 at 3, ¶ VI; R. Doc. 2 at 3, ¶ VI.
[7] *See* R. Doc. 1-1 at 4, ¶ VIII; R. Doc. 2 at 3, ¶ VIII.
[8] *See* R. Doc. 9-3 at 1.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *See* R. Doc. 1-1 at 4-7, ¶¶ IX-XVIII.
[14] *See id.* at 1, ¶ I.

Complaint, Darby asserts that King assisted her in completing Primerica's life insurance policy application.[15] The parties do not dispute that King is a non-diverse defendant.

Primerica removed to this Court, alleging that Darby joined defendant Ashton Lucian King to this lawsuit for the sole purpose of defeating complete diversity.[16] Primerica argues that King was improperly joined and that this Court should deny Darby's motion to remand. Darby argues that King was not improperly joined. The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas.*

---

[15]   *See* R. Doc. 1-1, at 3, ¶ III.
[16]   *See* R. Doc. 1, at 2-3, ¶ 6.

3

*Ins.*, 276 F.33d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668 1995 WL 419901, at *2 (E.D. La. July 13 1995). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Having a plaintiff and a defendant who are citizens of the same state would ordinarily destroy complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Therefore, when a non-diverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332.

A defendant may remove by showing that a non-diverse party was improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* at 574. A defendant may establish improper joinder by showing either: "(1) actual fraud in pleading jurisdictional facts, or (2) inability of the

4

plaintiff to establish a cause of action against the non-diverse defendant." *Id.* at 573. To determine the second element, courts ask "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

"In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 69 (5th Cir. 2010) (per curiam) (quoting *Smallwood*, 385 F.3d at 573). As is the case in the Rule 12(b)(6) context, the plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences

5

in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 239 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In conducting its analysis, the Court may consider "documents [that are] referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

In limited circumstances, the Court may pierce the pleadings to assist in its 12(b)(6)-type analysis. "[T]here are cases, hopefully few in number, in which a plaintiff has stated a claim [under the 12(b)(6)-type analysis], but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 384 F.3d at 573. In these cases, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* But if the Court finds that allegations against the non-diverse defendant cannot survive a Rule 12(b)(6) analysis, "it is unnecessary to pierce the pleadings to consider the declarations the parties submitted." *Gros. v. Warren Properties Inc.*, No. 12-2184, 2012 WL 5906724, at *13 (E.D. La. Nov. 26, 2012).

## III.   DISCUSSION

In her motion to remand, Darby contends that her Complaint sets out two state causes of action against King—one for negligent misrepresentation and another for breach of contract.[17] The Court proceeds by subjecting each claim to the relevant 12(b)(6)-type analysis.

### A.   Negligent Misrepresentation

Darby's Complaint fails to plead sufficient facts to state a negligent misrepresentation claim against King. To succeed on a theory of negligent misrepresentation, a plaintiff must show that "(1) the defendant owes a duty to supply correct information; (2) the defendant breaches that duty; and, (3) the plaintiff suffers damages resulting from a justifiable reliance on that misrepresentation." *Collins v. State Farm Ins.*, No. 06-6649, 2007 WL 1296240, at *3 (E.D. La. Apr. 30, 2007) (citing *Chiarella v. Spirit Spectrum, LLP*, 921 So. 2d 106, 123 (La. App. 4 Cir. 2005)). The breach can occur either through statement or omission. *See, e.g., McLachlan v. New York Life Ins.*, 488 F.3d 624, 628 (5th Cir. 2007) ("Louisiana provides a general negligent misrepresentation cause of action where there is a legal duty to provide correct information and the defendant fails to disclose or discloses misinformation.").

---

[17]   *See* R. Doc. 6-1 at 7.

7

Here, Darby does not allege that King made any statements or omissions at all. Rather, she simply alleges that King assisted her, Bias, or both, in completing Primerica's life insurance application.[18] First, Darby alleges that "[*she*] made an application for life insurance with defendant, Primerica . . . through its agent, Defendant Ashton Lucian King."[19] Three pages later, Darby asserts that "[King] assisted *Mr. Bias* in completing the application and instructed *him* how to complete [the] same."[20] Neither of these contradictory statements alleges that King provided misinformation, or failed to provide accurate information, during the application process. The Complaint does not identify any information whatsoever that King omitted to supply or any misinformation he provided.

Next, Darby asserts a "legal conclusion couched as factual allegation[]" that the Court is not bound to accept. *Id.* at 678. Darby asserts that King "had a duty to petitioner to ensure the application was completed properly and failed to properly complete [the] same, breaching his duty and causing the damages complained of herein."[21] "While legal conclusions can provide

---

18   *See* R. Doc. 1-1 at 5-6, ¶¶ XV-XVII.
19   *See id.* at 3, ¶ III.
20   *Id.* at 6, ¶ XV (emphases added).
21   *Id.* at ¶ XVI.

8

the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court finds that Darby alleges no factual predicate for the existence of a duty owed by King to ensure that Darby or Bias complete the application properly. As a result, Darby fails to state a claim of negligent misrepresentation. *Iqbal*, 556 U.S. at 666.

Even if the Court were to accept Darby's unsupported legal conclusions as true, nothing in her Complaint alleges with the third element of negligent misrepresentation—justifiable reliance. "Louisiana courts have held that an insured's reliance on an insurer's alleged misrepresentation is not justifiable when the terms of the policy clearly reveal that the alleged misrepresentation was inaccurate." *Campo v. Allstate Ins.*, 440 F. App'x 298, 301-02 (5th Cir. 2011). In other words, if clear policy terms contradict alleged misrepresentations, the "insured [remains] responsible for reading his policy and is presumed to know its terms." *City Blueprint & Supply Co. v. Boggio*, 3 So. 3d 62, 67 (La. App. 4 Cir. 2008).

Here, the policy indicates that inaccurate application information could result in the denial of benefits. The Application Agreement, which Darby reviewed and signed, provides that if an insured dies within two years of the issuance of a policy, as occurred here, then "(a) [Primerica] may contest such coverage under the policy; and (b) such coverage may be

9

rendered void if [Primerica] determines that any information in the application related to such coverage is false, incomplete or incorrect."[22] In addition, Darby signed directly under a bold statement that provided "[t]he approval of insurance for the proposed insured(s) is based on the representations made regarding use of tobacco or nicotine, responses to medical questions and other application information. *False representations will result in a denial of coverage in a claims investigation* and may be considered insurance fraud."[23]

Consequently, even if defendant King made negligent misrepresentations, Darby could not have "justifiably relied" on those misrepresentations. Indeed, this Court held that nearly identical language barred a plaintiff from justifiably relying on alleged misrepresentations. *See Anderson v. Primerica Life Ins.*, No. 19-9943, 2019 WL 8301672, at *6-*7 (E.D. La. Dec. 4, 2019). As was the case in *Anderson*, any "reliance on [the agent's] statement . . . was unreasonable in light of the fact that the policy in this case specifically contains a straightforward, uncomplicated, exclusion." *Id.* at *6 (citing *City Blueprint*, 3 So. 3d at 67). That is, "[a] simple review of the policy would have put the [Darby] on notice" that her coverage might be

---

[22] R. Doc. 9-1 at 5.
[23] *See id.* at 8 (emphasis added).

10

void. *See id.* Thus, there is no reasonable basis to predict that Darby can recover under a claim for negligent misrepresentation.

Having conducted the 12(b)(6)-type analysis with respect to Darby's negligent misrepresentation claim, the Court finds that Darby fails to state a claim. As a result, there is no "reasonable basis" that Darby "might be able to recover against" King on this cause of action. *See Smallwood*, 384 F.3d at 573. The Court proceeds to the second cause of action.

## B. Contract Liability

Next, Darby's prayer for relief asserts that she is entitled to "specific performance and damages" against defendant King for breach of contract.[24] Under Louisiana law, "an agent for a known principal is not held personally liable with respect to the principal's contractual obligations . . . unless the agent [1] personally binds himself, [2] exceeds his authority, or [3] misrepresents a position of the principal." *McKeough v. State Farm Fire and Cas. Co.*, No. 07-6568, 2008 WL 517139, at *2 (E.D. La. Feb. 22, 2008); *see also* La. Civ. Code arts. 3016, 3019. Once again, Darby's Complaint fails to allege sufficient factual matter that could support this cause of action. *Iqbal*, 556 U.S. at 679.

---

[24]    *See* R. Doc. 1-1, at 6, ¶ XVIII; R. Doc. 6-1, at 5.

Nothing in Darby's complaint alleges that King bound himself or exceeded his authority. To the contrary, Darby's complaint states that "[a]t all relevant times, [King] was acting for the benefit of Defendant, Primerica Life Insurance Company, as its agent, and/or *in the course and scope of his employment*."[25]  Nor does Darby allege any facts suggesting that King misrepresented Primerica's position. As explained above, the Complaint identifies no inaccurate representation made by King, or any accurate information he omitted about the insurer's position. Consequently, the Court finds that Darby fails to state a claim on her second cause of action and that there is no "reasonable basis" that Darby "might be able to recover against" King on a theory of breach of contract. *See Smallwood*, 384 F.3d at 573.

## C. Declining to Pierce the Pleadings

Finding the Rule 12(b)(6)-type analysis conclusive, the Court declines to pierce the pleadings in this case. *See Smallwood*, 385 F.3d at 573; *Gros. v. Warren Properties Inc.*, No. 12-2184, 2012 WL 5906724 at *13 (E.D. La. Nov. 26, 2012). Even if the Court were to pierce the pleadings, plaintiff's submission—an affidavit signed by Edith Darby[26]—would not alter the

---

[25]  *See* R. Doc. 1-1 at 6, ¶ XVII (emphasis added).
[26]  *See* R. Doc. 6-2.

12

outcome. Darby's affidavit contradicts her Complaint, and it does not allege any conduct by King that could support either cause of action.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand. Because there is no reasonable basis to predict that plaintiff might be able to recover against the only in-state defendant, the Court also DISMISSES WITH PREJUDICE plaintiff's claim against defendant Ashton Lucian King.

New Orleans, Louisiana, this __14th__ day of September, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE